Nancy J. Stefani, Trustee of the Nancy J. Stefani Liv.ng Trust - Ln #080523000

STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: <u>RE-10-201</u>

*AMM - PLN - 2/27/2011*

*******************************

Davies Allan

PLAINTIFF

v.

Nancy J. Stefani, Trustee of the Nancy
J. Stefani Living Trust

TITLE TO REAL ESTATE IS INVOLVED

DEFENDANT

The Inhabitants of the Town of
Hampden, Maine,

PARTIES IN INTEREST
*******************************

## JUDGMENT OF FORECLOSURE AND SALE
(2 parcels) 233 Western Avenue & 9 Mayo Road, Hampden, ME
Original Book: 11452, Page: 055

This matter came before the Court on the Plaintiff's Motion for Summary Judgment. (After hearing), (Pursuant to Rule 7(c)), Plaintiff's Motion for Summary Judgment is granted. Based upon the pleadings and affidavits, the Court finds as follows:

1. That the Defendant has breached the condition of the Plaintiff's mortgage dated June 27, 2008 and recorded in the Penobscot County Registry of Deeds in Book 11452, Page 055.

2. That Plaintiff is owed the following under its Note and Mortgage:

| | | |
|---|---|---|
| a. Principal balance | $ 116,000.00 |
| b. Accrued interest as of 12/12/10 | 23,908.89 |
| c. Unpaid late charges | 812.04 |

| | | |
|---|---|---|
| d. | Miscellaneous charges | 12,760.00 |
| e. | Legal fees rdisbursements | 2,279.15 |
| f. | Trust Balance | (10.00) |

**TOTAL DUE:**  $ 155,750.08

g. The mortgage will continue to accrue interest at a rate of $64.44 per day; with **pre-judgment interest at the rate of 14%, and post judgment interest at the rate of 14%;**

h. any amounts advanced by Plaintiff to protect its mortgage security.

3. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: The Inhabitants of the Town of Hampden, Maine, Party-In-Interest, by virtue of its 3 Tax Liens recorded in Book (1)Book 11881, Page 224 (2) Book 12221, Page 38, Page (3)Book 12221, Page 39, in the amount set forth in an affidavit to be filed with the court. If no affidavit is filed, any surplus proceeds shall be deposited with the court pending a determination of the amount due said party.

SECOND: The Plaintiff, by virtue of its mortgage in the above amounts.

THIRD: The Defendant for the surplus.

4. The Clerk has entered default against the Defendant for his/her failure to appear.

5. The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of Rule 54(b)(2) M.R.Civ.P., and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, because said fees are based on a flat fee agreement.

WHEREFORE, it is hereby ordered and decreed that if the Defendant does not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14

M.R.S.A. §6321 et seq. and disburse the proceeds of said sale after deducting the expenses thereof, in the amounts and priorities as determined above.

An execution shall issue against the Defendant for any deficiency, provided the statutory requirements are met.

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period and Defendant is Ordered to vacate the real estate at that time if the Defendant has not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

The following provisions are set forth pursuant to 14 M.R.S.A.§2401:

1. The names and addresses, if known, of all parties to the action, including the counsel of record are as follows:

| | |
|---|---|
| Plaintiff: | Davies Allan<br>c/o T&M Mortgage Solutions, Inc.<br>259 Minot Avenue<br>Auburn ME 04210 |
| Plaintiff' Attorney: | James L. Audiffred, Esq.<br>Post Office Box 1005<br>Saco, ME 04072 |
| Defendant: | Nancy J. Stefani, Trustee of the Nancy J. Stefani<br>Living Trust<br>1119 E. 4th St Apt H<br>Long Beach, CA 90802 |
| Parties-in-Interest: | The Inhabitants of the Town of Hampden, Maine<br>Attn: Susan M. Lessard<br>106 Western Ave<br>Hampden, ME 04444 |

2. The docket number is RE-10-201.

3. The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure. Such notice was not given pursuant to an order of court.

4. A description of the real estate involved is set forth in Exhibit A attached hereto.

5. The Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b)(1).

The Clerk is specifically directed pursuant to M.R.Civ.P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

DATED: 2\27\11

Date entered in the docket book:
  2/28/11

Justice, Superior Court
Ann M. Murray

___ the applicable appeal period has expired without action.

Attested:

_____
                                          Clerk

Dated_____

W:\2Foreclosure Forms\2002 TEMPLATES\NEW JUDGMENT OF FORECLOSURE_one defendant_2 parties in interest template '09.dot
12/21/2010 12:00 PM

# EXHIBIT "A"

The land, together with any improvements thereon, in Hampden, County of Penobscot, State of Maine, more particularly described as follows: Beginning at a 0.5" iron pipe on the southerly side of Route 9 at the northeast corner of land described in a deed recorded in the Penobscot County Registry of Deeds in Volume 1535, page 278; thence southeasterly by and along said southerly line of Route 9, South 61° 17' 15" East, 69.3 feet ot an iron rod set at the northwest corner of a parcel of land described in a deed to Ralph R. Rafford dated July 27, 1977, recorded in said Registry in Volume 2773, page 133; thence by and along the westerly line of said Rafford parcel, South 31° 44' 00" west, 200.2 feet to an iron rod set at the southwest corner of said Rafford parcel; thence southeasterly by and along the southerly line of said Rafford parcel and another parcel conveyed to said Rafford by deed recorded in said Registry in Volume 1980, Page 323, and land conveyed to Raymond Smith by deed recorded in said Registry in Volume 1914, Page 344; South 61° 17' 15" East, 286.2 feet to an iron rod set in the westerly line of a parcel of land described in a deed to Francis W. Warrington recorded in said Registry in Volume 2112, Page 24; thence by and along said Warrington parcel, South 31° 43' 45" West, 385.8 feet to an iron rod set at the southwesterly corner of said Warrington parcel; thence easterly by and along the southerly line of said Warrington parcel, South 60° 46' 15" East, 150.0 feet to an iron rod at the southeast corner of said Warrington lot, being in westerly line of a parcel of land described in a deed from Stanley C. Smith to B& C Realty Company dated October 31, 1984, recorded in said Registry in Volume 3587, Page 87; thence by and along the said B & C Realty Company land South 31° 43' 45: West, 62.4 feet to an iron rod set at the southwest corner of said B & C Realty Company land; thence easterly by and along the southerly line of said B & C Realty Company land South 64° 05' 30" East, 731.7 feet to an iron rod existing at the most southeast corner of B & C Realty Company land being in the easterly line of land described in a deed from Isaac A. Fogg to William H. Tribou recorded in said Registry in Volume 781, Page 9; thence southerly by and along the westerly line of said Tribou parcel South 26° 13' 45" West, 128.9 feet to an iron rod set; thence southeasterly along the generally southwesterly line of said Tribou parcel South 56° 23' 15" East, 445.00 feet to an iron rod set at the southeast corner of said Tribou parcel; thence northerly by and along the easterly line of said Tribou parcel and the easterly line of a parcel of land described in a deed from Isaac A. Fogg to Lavinia P. Gellerson recorded in said Registry in Volume 769, Page 267, North 30° 51' 15" East, 671.2 feet to an iron rod set at a corner of said Gellerson parcel; thence easterly by and along the southerly line of said Gellerson parcel South 59° 08' 45" East, 99.0 feet to an iron rod set in the westerly line of land now or formerly owned by B & P Associates as recorded in a deed recorded in Penobscot Registry of Deeds, Volume 3954, Page 211; thence southerly by and along the westerly line of said B & P Associates land South 30° 51' 00" West, 1736.6 feet to an iron rod found at the southwest corner of said B & P Associates land; thence westerly by and along the northerly line of land formerly owned by E. Swett, North 61° 06' 45" West, 1384.8 feet to an iron pipe found at the southeasterly corner of a parcel of land described in a deed from Sidney Smith to Sherman E. Fogg dated March 26, 1962m recorded in said Registry in Volume 1846, Page 109; thence northerly by and along the easterly line of said Fogg parcel, North 8° 19' 45" East, 503.2 feet to the northeast corner of said Fogg parcel, being the southeast corner of a parcel conveyed by Sidney Smith to Lloyd M. Severance dated March 27, 1962 recorded in said Registry in Volume 1832, Page 65; Thence northerly by and along the easterly lien of said Severance parcel, North

W:\2Foreclosure Forms\2002 TEMPLATES\NEW JUDGMENT OF FORECLOSURE_one defendant_2 parties in interest template '09.dot
12/21/2010 12:00 PM

1°18' 15" West, 407.6 feet to the northeast corner of said Severance lot; thence northerly by and along the easterly line of a parcel of land described in a deed to Lloyd M. Severance recorded in said Registry in Volume 1535, Page 278, North 31° 43' 45" East, 1020.8 feet to the point of beginning.

Reference may be had to the Land Boundary Survey prepared by Richard Day, Surveyor, Plisga & Day Project NO. 04275, dated November 8, 2004.

Also granting an easement for a water line as described in a deed from Hampton Realty Associates to Stanley C. Smith, et al. dated August 2, 1985 and recorded in said Registry in Volume 4154, Page 98.

Reserving, however, a right-of-way granted by Sidney A. Smith to Socony Vacuum Oil Company by deed dated October 23, 1947, recorded in said Registry in Volume 1273, Page 73, and easement granted by Sidney A. Smith to Hampden-Newbugh Light and Power Company dated January 8, 1957, recorded said Registry in Volume 1580, Page 285.

Meaning and intending to describe the same premises described in the deed from G. Vernon A. MacDonald and Roberta E. MacDonald to Nancy Stefani, recorded in Penobscot County Registry of Deeds in Volume 9863, Page 149.

Being the same premises described in the deed from Nancy Stefani to Nancy J. Stefani, Trustee of the Nancy J. Stefani Living Trust to be recorded herewith.

Parcel Two:  9 Mayo Road, Hampden, Maine

A certain lot or parcel of land together with any buildings and improvements thereon, situated in the Town of Hampden, County of Penobscot and State of Maine, more particularly bounded and described as follows:

Begining at an iron rod set in 1983 on the easterly line of the Mayo Road, so called, at the most westerly corner of land described in a deed from Regina L. Miedz to Albert A. and Joan P. Tenney, recorded in Penobscot Registry of Deeds in Volume 3458, page 77; thence North 68° 08' 15" East along said land now or formerly of Tenney a distance of 60.0 feet to an iron rod set in 1983; thence North 81° 25' 30" East a distance of 112.3 feet to an iron rod set in 1983 at the most northeasterly corner of said Tenney; thence South 18° 18' 15" East along said Tenney, a distance of 256.4 feet to a point on the northerly line of land described in a deed to Highland Apartments recorded in Volumne 2373, Page 329, said point being North 18° 15' 15" West a distance of 1.7 feet from an iron rod set in 1983; thence South 80° 58' 45" East along said land of Highland Apartments, a distance of 197.9 feet to a point at the land now or formerly of Stanley Smith, said point being South 11- 37' 45" West a distance of 3.92 feet form a found iron pipe; thence North 11° 37' 45" West along said land of Smith, a distance of 507.3 feet to a found iron pipe; thence South 81° 40' 45" West along land described in a deed to Richard and Ruth Golding recorded at said Registry in Volume 2145, Page 163, a distance of 274.4 feet to a found iron pipe;  thence continuing the bearing of South 81° 40' 45" West a distance of 10.6 feet to a point on a stone wall at land described in a deed to Frank and Carolyn Campbell recorded at said

Registry in Volume 3274, Page 8; thence South 13° 33' 30" West along said stone wall, a distance of 85.00 feet to an iron rod set at the southeasterly corner of said Campbell; thence South 82° 23' 15" West along said land of Campbell, a distance of 174.1 feet to an iron rod set on the easterly line of said Mayo Road; thence South 19° 38' 45" East along the easterly line of said Mayo Road, a distance of 105.0 feet to the point of beginning.

Bearings referenced in the above description were computed from a traverse established for a survey of the above described premises by Plisga & Day, Land Surveyors and oriented to true north as determine from a solar observation.

Meaning and intending to describe the same premises described in a deed from Regina L. Miedz to Ed McCurdy dated August 31, 2005 and recorded in Penobscot County Registry of Deeds in Volume 10079, Page 333, and the deed from Ed McCurdy to Ed McCurdy, LLC dated January 3, 2007, and recorded in said Registry, Volume 10790, Page 74.

Being the same premises described in the deed from Ed McCurdy, LLC to Nancy J. Stefani, Trustee of the Nancy J. Stefani Living Trust to be recorded herewith.